FILED

June 6, 2017

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 8:00 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Carrie Robinson,** | ) | **Docket No. 2016-06-1563** |
| **Employee,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **State File No. 48284-2016** |
| **Vanderbilt University,** | ) | |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | **Judge Joshua Davis Baker** |
| **Vanderbilt (self-insured),** | ) | |
| **Insurance Carrier.** | ) | |

## COMPENSATION ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on June 5, 2017, upon the Motion for Summary Judgment filed by Vanderbilt University under Rule 56 of the Tennessee Rules of Civil Procedure. The determinative legal issue is whether Vanderbilt is entitled to summary judgment as a matter of law because Ms. Robinson failed to timely file her claim for workers' compensation benefits. Ms. Robinson did not file a written response to Vanderbilt's motion but did attend the hearing. Based on its review of Vanderbilt's motion and the parties' arguments, the Court grants Vanderbilt's Motion for Summary Judgment.

## History of Claim

In an April 26, 2016 letter to Vanderbilt, Ms. Robinson alleged she suffered a neck and back injury before her retirement on August 1, 2015, due to lifting large boxes of fruit and other sundries at a small market on Vanderbilt's campus. After receiving Ms. Robinson's letter, Vanderbilt denied the claim due to lack of timely notice and lack of a specific injury. Ms. Robinson filed a Petition for Benefit Determination (PBD) with the Bureau of Workers' Compensation on August 18, 2016. The PBD identified Ms. Robinson's date of injury as June 1, 2015. Ms. Robinson requested an expedited hearing. At the expedited hearing, a senior claims supervisor for Vanderbilt testified that

Vanderbilt did not pay any workers' compensation benefits to Ms. Robinson. On March 10, 2017, The Court entered an order denying her claim on statute of limitations grounds. This motion for Summary Judgment followed.

## Legal Principles and Analysis

Motions for summary judgment are governed by Tennessee Rule of Civil Procedure 56.04, which provides for entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Aside from Rule 56, in 2011, the Tennessee General Assembly codified the burden of proof as follows:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>
> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (2016); *Payne v. D and D Elec.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016).

If the moving party meets its burden of negating an essential element or demonstrating evidence is insufficient, then the injured employee, as the nonmoving party, must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in [his or her] favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). Thus, if Vanderbilt meets its burden of proof, Ms. Robinson must do more than simply show some "metaphysical doubt" as to the material facts. *Id.* at 265. In reaching its decision, the Court must focus on evidence Ms. Robinson has presented at the summary judgment stage, "not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id.*

An essential element of Ms. Robinson's claim includes proving she timely filed her PBD. When the employer does not voluntarily pay benefits in a workers' compensation claim, the Workers' Compensation Law provides that the employee's "right to compensation…shall be forever barred" unless the employee files a PBD "within one (1) year after the accident resulting in injury." Tenn. Code Ann. § 50-6-203(b)(1) (2016). The employer has the burden of producing facts to show that the statute of limitations bars a claim. Once the employer establishes those facts, the

2

employee must prove that an exception exists or the claim is barred. *See Cloyd v. Hartco Flooring Co.*, 274 S.W.3d 638, 647 (Tenn. 2008) (citing *Ingram v. Earthman*, 993 S.W.2d 611, 633; *Jones v. Coal Creek Mining & Mfg. Co.*, 180 S.W. 179, 182 (Tenn. 1915).

In its statement of undisputed facts, Vanderbilt included the following facts: (1) Vanderbilt denied Ms. Robinson's claim for benefits; (2) Vanderbilt paid no benefits under the Workers' Compensation Act; (3) Ms. Robinson retired from Vanderbilt effective August 1, 2015; and, (3) Ms. Robinson filed a PBD for workers' compensation benefits on August 18, 2016, which indicated a June 1, 2015 date of injury.

At the motion hearing, Ms. Robinson failed to prove that an exception extends the statute of limitations in her claim. Her filing clearly occurred after the statute of limitations expired, and the facts support Vanderbilt's statute of limitations defense. As required by *Rye*, *supra*, "The focus is on the evidence the nonmoving party comes forward with *at the summary judgment stage*, not on hypothetical evidence that theoretically could be adduced . . . at a future trial." *Id*. at 265 (emphasis added). Therefore, the Court holds Ms. Robinson failed to "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id*. Accordingly, the Court grants Vanderbilt's Motion.

**IT IS, THEREFORE, ORDERED** as follows:

1. Vanderbilt's Motion for Summary Judgment is granted.

2. Ms. Robinson's claim is dismissed with prejudice.

3. The Court assesses the $150 filing fee to Vanderbilt pursuant to Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), for which execution may issue as necessary.

4. Vanderbilt shall prepare and submit the SD-1 for this matter within ten calendar days of the date of judgment.

**ENTERED ON THIS THE 6TH DAY OF JUNE, 2017.**

_____
**Judge Joshua D. Baker**
**Court of Workers' Compensation Claims**

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Order was sent to the following recipients by the following methods of service on this the  6th  day of  June, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Carrie Robinson, Employee | X | | X | 800 Paige Ct. Nashville, TN  37207 Robinsoncm61@gmail.com |
| Nathaniel Cherry, Attorney | | | X | ncherry@howardtatelaw.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**